# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: October 21, 2024

\* \* \* \* \* \* \* \* \* \* \* \*

GEORGE YAUNERIDGE,           \*
*and* JULIA YAUNERIDGE,       \*
*on behalf of their minor son, J.Y.*   \*
          Petitioner,         \*           No. 21-1789V
                              \*
v.                               \*           Special Master Gowen
                              \*
SECRETARY OF HEALTH       \*
AND HUMAN SERVICES,       \*
                              \*
          Respondent.         \*

\* \* \* \* \* \* \* \* \* \* \* \*

*Marvin A. Firestone,* Marvin Firestone, MD, JD and Associates, San Mateo, CA, for petitioner.
*Nina Ren,* U.S. Department of Justice, Washington, D.C., for respondent.

## DISMISSAL DECISION[1]

        On September 1, 2021, George Yauneridge and Julia Yauneridge, on behalf of their minor son, J.Y ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program or Program).[2] Petition (ECF No. 1). Petitioners alleged that as a result of J.Y. receiving the HiB, hepatitis A, DTap, and varicella vaccines on August 17, 2020, he suffered from supraventricular tachycardia ("SVT"). *Id.* at Preamble.

        On October 18, 2024, petitioners filed a motion to voluntary dismiss their petition pursuant to Vaccine Rule 21(a). Petitioner's Motion ("Pet'r Mot.") (ECF No. 27). Petitioners stated, "An investigation of the facts and science supporting has demonstrated to the petitioner[s]

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

that they will be unable to prove that [they] are entitled to compensation in the Vaccine Program." *Id.* at ¶ 1. "Additionally, experts have raised concerns about their ability to provide a more likely than not opinion on causation, especially in light of a more definitive diagnosis of Wolff-Parkinson-White ("WPW") syndrome." *Id.* To proceed any further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program." *Id.* at ¶ 2. Petitioners understand that a decision by the special master dismissing their petition will result in a judgment against them and that such judgment will end all of their rights in the Vaccine program. *Id.* at ¶ 3. Further, petitioners understand that they may apply for costs once their case is dismissed and judgment is entered against them. *Id.* at ¶ 4. Petitioners also understand that the respondent expressly reserves the right, pursuant to 42 U.S.C. § 300aa-15(e) to question the good faith and reasonable basis of their claim and to oppose, if appropriate, their application for costs. *Id.* Petitioners also intend to protect their rights to file a civil action in the future, and pursuant to 42 U.S.C. § 300-21(a)(2), they intend to elect to reject the Vaccine Program judgment against them and elect to file a civil action. *Id.* at ¶ 5.

   To receive compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). In this case, petitioners were not alleging a Table Injury and therefore, must demonstrate the vaccine was the cause-in-fact of her alleged injuries. To satisfy his burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.,* 418 F. 3d 1274, 1278 (Fed. Cir. 2005).

   Moreover, under the Vaccine Act, the Vaccine Program may not award compensation based on the petitioner's claims alone. Rather, the petitioner must support the claim with either medical records or the opinion of a competent medical expert. § 13(a)(1). In this case, the medical records are insufficient to establish entitlement and petitioner has not presented an expert opinion to support a finding of vaccine causation under *Althen.*

   **Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.[3]**

   **IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).